## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JEFFREY JOHN VALENTA,

          Petitioner,

    v.

WARDEN DAVID ORTIZ,

          Respondent.

1:20-cv-3688 (NLH)

**MEMORANDUM OPINION & ORDER**

---

<u>**APPEARANCES**</u>:

Jeffrey John Valenta
35910-068
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner <u>pro se</u>

**<u>HILLMAN</u>, District Judge**

    WHEREAS, Petitioner Jeffrey John Valenta has filed an emergency motion for release under the First Step Act of 2018 and CARES Act of 2020, <u>see</u> ECF No. 1; and

    WHEREAS, Petitioner states he is "just short" of his sixtieth birthday and suffers from sleep apnea, diabetes, hypertension, chronic asthma, and GERD, <u>id.</u> at 2-3; and

    WHEREAS, Petitioner argues he should be released to his parents' home; and

    WHEREAS, motions for compassionate release under the First

Step Act must be filed in the sentencing court, 18 U.S.C. § 3582(c). Petitioner was sentenced in the Western District of Pennsylvania, <u>United States v. Valenta</u>, No. 15-cr-161 (W.D. Pa. June 26, 2018). Therefore, any request for compassionate release must be filed in that court;[1] and

WHEREAS, the coronavirus relief bill enacted on March 27 allows the Attorney General to expand the BOP's ability to move prisoners to home confinement: "During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." <u>Coronavirus Aid, Relief, and Economic Security (CARES) Act</u>, Pub. L. No. 116-136, § 12003(b)(2) (2020). It does not mandate home confinement for any class of inmate;

THEREFORE, IT IS on this <u>  8th  </u> day of <u>April</u>, 2020

ORDERED that the emergency request for relief is severed

---

[1] The Court notes that while Petitioner received an adverse decision from the warden, he may not have fully exhausted administratively this adverse decision by the BOP. <u>See</u> <u>United States v. Raia</u>, No. 20-1033 (3d Cir. Apr. 2, 2020) (precedential) (slip op. at 7). The question of exhaustion under the First Step Act will be left, however, to determination in the transferee court. Any claim under the CARES Act, if one existed, would be similarly unexhausted.

2

with the portion seeking release under the First Step Act being transferred to the United States District Court for the Western District of Pennsylvania for filing in <u>United States v. Valenta</u>, No. 15-cr-161; and it is further

ORDERED that the CARES Act claim is dismissed without prejudice; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Petitioner by regular mail and mark this case closed.


<u>   s/ Noel L. Hillman   </u>

At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.