```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
_____
                              :
JEFFREY JOHN VALENTA,         :
                              :
          Petitioner,         :    Civ. No. 20-3688 (NLH)
                              :
     v.                       :    OPINION
                              :
WARDEN DAVID ORTIZ,           :
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Jeffrey John Valenta
35910-068
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner pro se

HILLMAN, District Judge

    This matter comes before the Court on a motion filed by Petitioner Jeffrey John Valenta seeking reconsideration of the Court's order dismissing his emergency motion for release under the First Step Act of 2018 and CARES Act of 2020.  ECF No. 3.  For the following reasons, the motion is denied.

BACKGROUND

    On April 6, 2020, Petitioner filed a document captioned as an "emergency motion to compel the BOP to release to home detention pursuant to CARES Act of 2020; or EOHDP of 2018; due

to covid-19 outbreak and risk to already compromised health." ECF No. 1.  The Clerk docketed this motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Id.

Petitioner argued that he should be immediately released under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), ("CARES Act") as "[t]he CARES Act was signed to give immediate relief to certain inmates susceptible to the COVID-10 [sic] virus because of their age, medical conditions, and other discretionary criteria."  ECF No. 1 at 2.  Petitioner argued that he is "one of those inmates most susceptible to the virus" because he is "just short" of his sixtieth birthday and suffers from sleep apnea, diabetes, hypertension, chronic asthma, and GERD, id. at 2-3.  He also states he has "severe prostate disease that is likely cancer . . . ."  Id. at 3.  He also asked for consideration under the Elderly Offender Home Detention Program as created by the First Step Act of 2018.  Id. at 2.

Because Plaintiff argued for release under both the First Step Act and the CARES Act, the Court severed the petition and sent the portion of the petition raising First Step Act claims to the Western District of Pennsylvania as motions for home detention under the First Step Act must be filed in the sentencing court, 18 U.S.C. § 3582(c).  See also United States v. Valenta, No. 15-cr-161 (W.D. Pa. June 26, 2018).  The Court

2

kept the portion of the petition raising CARES Act arguments but dismissed it without prejudice because while the CARES Act grants the Attorney General increased discretion to authorize home confinement for prisoners, it does not mandate home confinement for any class of inmate.  ECF No. 2.  The Court also noted that it appeared that Petitioner had failed to exhaust his administrative remedies.  Id.

Petitioner now moves for reconsideration of that order. ECF No. 3.  He argues the Court "misconstrued the motion as a motion for compassionate release which it was not" and argues that other courts in this District have construed similar petitions as being under § 2241.  Id. at 1.  He argues the BOP has arbitrarily changed its criteria for release, resulting in three inmates who had previously been approved for release having that approval revoked, and asserts the BOP's criteria "discriminates against a certain class of inmates based solely on the nature of their charge and does not include any consideration for medical conditions."  Id. at 3.

Petitioner further alleges that exhaustion is futile.  Id. at 6.  "On March 30, 2020, the petitioner submitted an informal remedy [RP-8] to his case manager asking for consideration for home confinement due to the CORONA virus. He was denied. The reason given was lack of policy."  Id.  He concedes he did not appeal from that denial but asserts it would have been futile to

3

do so because "[t]he minimal amount of time needed to pursue an administrative remedy is 140 days." Id.  "In this petitioners case, exhaustion would be futile and unavailable due to the urgent nature and morbidity of the COVID-19 pandemic and because any further delay could result in catastrophic health consequences."  Id. at 7.

STANDARD OF REVIEW

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice.  N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  But "[r]econsideration is an extraordinary remedy that is granted very sparingly."  Brackett v. Ashcroft, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); see also L. Civ. R. 7.1(i), cmt. 6(d).

A motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a

4

different conclusion by the court.  White v. City of Trenton, 848 F. Supp. 2d 497, 500 (D.N.J. 2012).  Mere disagreement with a court's decision should be raised through the appellate process and is thus inappropriate on a motion for reconsideration.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

DISCUSSION

Petitioner's premise that the Court "placed too much emphasis on the compassionate release component" is mistaken. Petitioner's original motion specifically asked for relief under two separate statutes, only one of which this Court theoretically had jurisdiction to consider.  By severing the petition and sending the compassionate relief portion to the sentencing court, the Court ensured that Petitioner's arguments were considered by every court that could possibly give him the relief he was seeking.  The fact that Petitioner did not get the relief he wanted from the Western District of Pennsylvania does not mean this Court erred in sending the compassionate relief portion of the petition to that court.

Contrary to Petitioner's assumption, the Court did consider the petition under § 2241.  Section 2241 of Title 28 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless ... He is in custody under or by color of the authority of the United States ...; or ... He is in custody in

5

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1),(3).  Petitioner's argument that he is in custody of the United States in violation of the CARES Act fits within this definition.  However the argument advanced in the original petition that the CARES Act required the BOP to release Petitioner to home confinement is not supported by the text of the CARES Act; the plain text of the CARES Act only grants the Attorney General additional discretion, which is why the Court dismissed the portion of the petition raising CARES Act claims.

Petitioner now asserts that the BOP's criteria for implementing the CARES Act is arbitrary, which is another argument the Court could conceivably address under § 2241.  However, it is procedurally improper for several reasons.  First, Petitioner has not paid the filing fee or submitted his petition on the Clerk's form for § 2241 petitions, both of which are requirements under the Court's rules for habeas corpus petitions.  Local Civ. R. 81.2.  Second, the Court cannot consider new arguments in a motion for reconsideration.  "Motions for reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'"  Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 586 (E.D. Pa. 2008) (quoting Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240

(D. Del. 1990)).  "Such motions may not be used to revisit or raise new issues with the benefit of the hindsight provided by the court's analysis." Geneva Coll. v. Sebelius, 929 F. Supp. 2d 402, 452 (W.D. Pa. 2013) (internal quotation marks omitted).

Finally, Petitioner once again confronts the exhaustion requirement under § 2241.  "There is a judicially created exhaustion requirement for habeas petitions brought under 28 U.S.C. § 2241." Furando v. Ortiz, No. 20-3739, 2020 WL 1922357, at *3 (D.N.J. Apr. 21, 2020) (dismissing for failure to exhaust) (citing Callwood v. Enos, 230 F.3d 627, 633-34 (3d Cir. 2000)). "The purposes of the exhaustion requirement include: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. (citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996)).

Petitioner argues that exhaustion is futile because he may contract covid-19 and become ill within the amount of time it takes him to exhaust the BOP's administrative remedies.  The Court need not decide whether futility excuses exhaustion at this time because Petitioner has not even taken the first step

7

of asking the BOP for release under its recently promulgated standards.

Petitioner submitted an Inmate Request to Staff asking for release on March 30, 2020. ECF No. 1 at 5. The request was denied on April 1, 2020 because "There is no policy within the BOP that has implemented the CARES ACT. Determination and eligibility will be determined once the policy is implemented through the guidance of the BOP central office." Id. The BOP most recently issued guidance on April 15, 2020. Furando, 2020 WL 1922357, at *3. Petitioner has not alleged that he has sought release and been denied under these new standards.

"[T]o the extent that Petitioner seeks review of the BOP's home confinement placement decision, the petition is premature." Id. at *4. Petitioner must first seek release under the new standards. Given the nature of his request, the Court is confident BOP officials will address it as expeditiously as possible. If he is denied release, he may file a new § 2241 petition raising his futility of exhaustion argument.

CONCLUSION

For the reasons set forth above, the Motion for Reconsideration is denied. An appropriate Order follows.

Dated: May 1, 2020          s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

8